AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>11217 Kane-Marshburg Road, Kane, Pennsylvania,<br>also known as 11217 Route 321, Kane, Pennsylvania,<br>and the person of Pauline Bauer | ) ) ) ) ) ) ) Case No. 21-54 |

*Exhibit 1*

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Western_____ District of _____Pennsylvania_____
*(identify the person or describe the property to be searched and give its location):*

11217 Kane-Marshburg Road, Kane, Pennsylvania, also known as 11217 Route 321, Kane, Pennsylvania, and the person of Pauline Bauer, further described in Attachment A which is incorporated herein and attached hereto

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

Please see the list of items to be seized attached hereto and incorporated herein as Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before  *May 31, 2021*  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: *May 17, 2021 @ 2:07 pm*        *[Judge's signature]*
                                                       Judge's signature

City and state:  Erie, Pennsylvania                  United States Magistrate Judge Richard A. Lanzillo
                                                        *Printed name and title*

Page 12 of 37

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: 21-54 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

*Exhibit 1*

## Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Magistrate No. 21-54

(Under Seal)

*Exhibit 1*

## SEARCH WARRANT

### ATTACHMENT A

1. **11217 Kane-Marshburg Road, Kane, Pennsylvania,** also known as 11217 Route 321, Kane, Pennsylvania, including all outbuildings not identified in the aforementioned. The residence is described as a single-story structure with beige-colored horizontal siding with several windows facing Kane-Marshburg Road, and a white porch area. There are doors that appear to go to the cellar on the front of the structure that faces Kane-Marshburg Road. There is a detached green-colored garage. On or about March 2, 2021, and May 11, 2021, an orange Toyota Tundra vehicle registered to BAUER was observed parked in the driveway of 11217 Kane-Marshburg Road, Kane, Pennsylvania, also known as 11217 Route 321, Kane, Pennsylvania. On or about April 1, 2021, the following photograph was taken by an FBI Agent of the Target Location.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Magistrate No. 21-54

(Under Seal)

**SEARCH WARRANT**

**ATTACHMENT B**

*Property to be seized*

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. §§ 1512(c)(2), 18 U.S.C. §§ 1752(a)(1) & (2), and 40 U.S.C. § 5104(e)(2), as described in the search warrant affidavit, including, but not limited to:

    a. Clothing consistent with that shown in photographs and videos of Pauline BAUER in Washington, D.C. on January 6, 2021, including but not limited to, a dark-colored jacket, and a red/white/blue knit hat with a pom-pom on top;

    b. Possessions consistent with that shown in the photographs and videos of Pauline BAUER, in Washington, D.C. on January 6, 2021,

    c. Records and information that constitute evidence of use, control, ownership, or occupancy of the RESIDENCE and things therein;

    d. Records and information that constitute evidence of the state of mind of Pauline BAUER, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

*Exhibit 1*

    e. Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with Pauline BAUER about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

2. Digital devices, in particular Pauline BAUER' cellular telephone, used in the commission of, or to facilitate, the above described offenses, including taking photographs, videos, sharing communications with other participants or outside persons.

3. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

    a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

    b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

2

*Exhibit 1*

d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

e. evidence of the times the Device(s) was used;

f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

h. records of or information about Internet Protocol addresses used by the Device(s);

i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

During the execution of the search of the RESIDENCE described in Attachments A, law enforcement personnel are also specifically authorized to obtain from Pauline BAUER (but not any other individuals present at the RESIDENCE at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

(a) any of the Device(s) found at the RESIDENCE,

3



(b) where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask the aforementioned person for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing

4

or typing); and any photographic form (such as microfilm, microfiche, prints, slides, négatives, videotapes, motion pictures, or photocopies).

The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

4. If the government identifies seized materials, that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no future involvement in the investigation of this matter. The Filter Team will review seized communications and segregate potentially protected materials, i.e. communications that are to/from an attorney, or that otherwise reference or reflect attorney advice. At no time will the Filter Team advise the Prosecution Team of the substance of any of the potentially protected materials. The Filter Team then will provide all communications that are not potentially protected materials to the Prosecution Team and the Prosecution Team may resume its review. If the Filter Team concludes that any of the potentially protected materials are not protected

5

(*e.g.*, the communication includes a third party or the crime-fraud exception applies), the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potentially protected materials to the Prosecution Team



6